The opinion of the Court was delivered by
G-lover, J.
The plaintiff’s title from the grantee through several lessors, was clearly established to one-sixth of the land in dispute. The defendant, showing no title in himself, relied upon the possession of David Steedly, who had remained on the land for twenty years or more, and who had abandoned his possession for thirty years, and neither he or any one under or through him having since ever claimed this land by virtue of his title. Referring to this possession and its abandonment, the presiding Judge remarked to the jury, "that it would have been more' satisfactory if some account had been given of Steedly,” and this is made one of the grounds on which the motion for a new trial is submitted. The defence relied upon was a possessory title in a stranger, and the defendant assumed to show, that the possession on which such a title rests, was not only adverse, but was held in reference to well defined boundaries. The abandonment of a possession for more than thirty years, was a circumstance entitled to consideration in ascertaining if Steedly held adversely or not. (M’Beth vs. Donnelly, Dud. 177.) But the defendant failed to prove the extent of Steedly’s claim, or to *437 define tbe limits witbin wbicb bis possession, if adverse, would confer a title under tbe statute.
A trespass by tbe defendant'was proved, not only by tbe acts of bis slaves, under tbe control of Maxcy; but be cleared a part of tbe land, tbe rent of wbicb, per annum, for tbe five years be was in possession, was estimated at thirty dollars.
Tbe appellant bas, therefore, failed to establish either ground taken in support of bis motion, wbicb is dismissed.
O’Neall, Whitstek, and Muirao, JJ.,', concurred.

Motion dismissed.